UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:08 CR 214 |
| | ) | |
| MALCOLM MANUEL, JR. | ) | |

## OPINION and ORDER

Before the court is defendant's motion for compassionate release or home detention in light of defendant's health condition and the COVID-19 pandemic. (DE # 697.) For the reasons that follow, the motion is denied.

**I.    BACKGROUND**

On August 4, 2017, this court sentenced defendant to a term of 60 months incarceration after defendant pleaded guilty to Count I of the second superceding indictment, charging him with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846. Currently, defendant's projected release date is June 8, 2022, about 1 ½ years from now. (BOP Inmate Locator, https://www.bop.gov/ inmateloc/, accessed Dec. 22, 2020.)

**II.    ANALYSIS**

   **A.    Exhaustion**

Section 3582(c)(1)(A)(i) requires a defendant to exhaust all remedies before moving for compassionate release. Specifically, an inmate may file a request after receiving a BP-11 response, a denial from the General Counsel, or the lapse of 30 days from the receipt of a request for compassionate release by the warden of the inmate's

facility, whichever is earlier. 18 U.S.C. § 3582(c)(1). However, the court follows the rulings of other district courts in this circuit and finds that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, but rather is a claim-processing rule. *See, e.g., United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899, at \*2 (N.D. Ind. June 19, 2020); *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at \*4 (N.D. Ind. June 11, 2020). Accordingly, the court may consider the present motion regardless of the existence of proof of exhaustion.

### B.     Compassionate Release Analysis

The court is authorized to reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Also, any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The relevant Sentencing Guidelines policy statement, Section 1B1.13, provides that the court must determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Finally, the court should consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. U.S.S.G. § 1B1.13. In this case, because defendant has not established an extraordinary and compelling reason justifying compassionate release, the court need not delve into the additional considerations.

Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, as is relevant here: a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment.[1] U.S.S.G. § 1B1.13 cmt. n.1.

Defendant is 54 years old. His medical conditions include congestive heart failure, hypertension, gastroesophageal reflux disease, exocrine pancreatic insufficiency, cerebral vascular disease, two previous strokes, and chronic obstructive pulmonary disease. (DE # 697-1.)

Defendant is incarcerated at Terra Haute FCI, a facility with a population of approximately 1,200 inmates. As of the date of this order, BOP records indicate that 49 inmates and 22 staff members presently have COVID-19, and 386 inmates have

---

[1] The court notes that § 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release.

recovered. Federal Bureau of Prisons, *Coronavirus,* https://www.bop.gov/coronavirus/ (accessed Dec. 22, 2020).

Defendant's medical conditions alone do not establish an extraordinary and compelling reason warranting compassionate release, as there is no indication that his conditions "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility[.]" U.S.S.G. § 1B1.13 cmt. n.1. Furthermore, his conditions, in light of the COVID-19 pandemic, do not justify compassionate release. While defendant may be at an increased risk were he to contract COVID-19, defendant is still relatively young at age 54, and his medical records show that his conditions are being monitored and treated with prescription drugs, under the supervision of health care professionals at the BOP. Further, compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). While the court is sympathetic to defendant's situation and his concern about potentially becoming infected with COVID-19, the circumstances in this case do not amount to an extraordinary and compelling reason to justifying his early release or home detention. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("[T]he mere presence of COVID-19 in a particular prison (or the BOP generally) cannot justify compassionate release - if it could, every inmate in that prison could obtain

4

release."); *United States v. Collins*, No. 14-cr-30038, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) ("[T]he COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease."). The combination of defendant's particular health condition and the risk of COVID-19 at defendant's particular institution do not lead the court to conclude that extraordinary and compelling reasons exist justifying defendant's early release or home detention. Accordingly, his motion will be denied.

### III. CONCLUSION

For the foregoing reasons, defendant's motion is **DENIED**. (DE # 697.)

**SO ORDERED.**

Date: December 22, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT